IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL M. MURRAY, | ) | |
| ID # 68457-112, | ) | |
| Movant, | ) | No. 3:17-CV-1830-B-BH |
| vs. | ) | No. 3:11-CR-296-B-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received July 10, 2017 (doc. 1). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice.

**I. BACKGROUND**

Michael M. Murray (Movant) challenges his federal conviction and sentence in Cause No. 3:11-CR-296-B-1. The respondent is the United States of America (Government).

**A.   Trial and Sentencing**

On October 4, 2011, Movant was charged in a one-count indictment with making threats and hoaxes in violation of 18 U.S.C. § 1038(a)(1) by placing white powder in an envelope addressed to a federal agency under circumstances in which an imminent threat to personal safety may have reasonably been believed, and that indicated a possible violation on the prohibition with respect to biological weapons. (*See* doc. 1.)[2] Following a two-day trial, the jury returned a guilty verdict on April 28, 2015. (*See* doc. 39.)

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:11-CR-296-B-1.

On July 1, 2015, the United States Probation Office (USPO) filed a Presentence Report (PSR) in which it calculated Movant's base offense level as 12, with no other enhancements or reductions. (*See* doc. 47-1, ¶¶ 24-32.) His criminal history category was I, and his advisory guideline range was 10 months to 16 months. (*See id.*, ¶¶ 36, 55.) Paragraph 37 of the PSR recounted other criminal conduct, including Movant's prior use of the United States mail in 2010 to harass an Ohio police officer who had arrested him in 2009 for possession of cocaine by sending envelopes bearing the officer's return address and containing child pornography to a daycare and a church. (*See id.*, ¶ 37.) The officer obtained a stalking protection order against Movant, and he consented to its entry. (*See id.*) Neither party objected to the PSR. (*See* docs. 48, 49.) The Government filed a motion for upward departure on the basis that the advisory guideline range failed to adequately reflect the seriousness of the conduct, or to take into consideration Movant's prior use of the mail to harass the Ohio police officer. (*See* doc. 50.)

The Court varied upward and sentenced Movant to 37 months' imprisonment. (*See* docs. 54; 59 at 17-18.) On June 29, 2016, the district court's judgment was affirmed on appeal. *See United States v. Murray*, 667 F. App'x 436 (5th Cir. 2016) (per curiam); (*see* docs. 53, 56, 64). The Supreme Court denied certiorari on October 31, 2016. *See Murray v. United States*, 137 S. Ct. 411 (2016); (*see* doc. 66).

**B.**     **Substantive Claims**

Movant's § 2255 motion raises the following grounds:

(1) The five-year statute of limitations for 18 U.S.C. § 1038 had expired;

(2) The prosecutor applied a four-level enhancement for "mailings" that he was never convicted of;

(3) His conviction was obtained by invalid jury instructions and was not supported by the

2

evidence; and

(4) His conviction was obtained by misrepresentation of DNA lab results, which the prosecution failed to disclose.

(*See* doc. 67 at 4-8.) On November 14, 2017, the Government filed a response. (*See* 3:17-CV-1830-B-BH, doc. 10.) Movant did not file a reply.[3]

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense.

---

[3] According to the Bureau of Prisons, Movant was released from custody on May 3, 2019.

3

*Willis*, 273 F.3d at 597.

### III. VERIFICATION

The Government asserts that Movant failed to verify his motion by not signing the document, and that he must submit a verified § 2255 motion before this action may proceed. (*See* 3:17-CV-1830-B-BH, doc. 10 at 5-7.)

Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings requires the movant or someone authorized on his behalf to sign the § 2255 motion under penalty of perjury. Federal Rule of Civil Procedure 11(a) also requires unrepresented parties to sign their pleadings and motions. The failure to properly verify a § 2255 motion means that there is no evidence that would create an issue of fact.

Movant's § 2255 motion was neither verified under penalty of perjury nor accompanied by an affidavit; instead, he wrote, "ALL RIGHTS RESERVED" on the signature line. (*See id.*, doc. 1 at 12.) Because the record is clear that he is not entitled to relief, however, Movant will not be ordered to file a properly signed motion. *See Markwith v. United States*, No. 4:15-CV-048-A, 2015 WL 1781685, at *1 n.2 (N.D. Tex. Apr. 14, 2015) ("[B]ecause the record of movant's criminal case makes so clear that movant is not entitled to § 2255 relief, the court is not ordering movant to file an amended motion or a properly verified amended memorandum.").[4]

### IV. CLAIMS RAISED ON DIRECT APPEAL

The Government next asserts that Movant is precluded from re-litigating any claims already

---

[4] Although the Fifth Circuit does not appear to have addressed this issue, the Seventh and Tenth Circuits have held that the better practice is for a district court to give the movant an opportunity to comply with Rule 2(b)(5). *See Montelongo v. United States*, Nos. 4:15-CV-26-A, 4:12-CR-045-A, 2015 WL 1005734, at *3 (N.D. Tex. Mar. 6, 2015) (citing *United States v. Guerrero*, 488 F.3d 1313, 1316-17 (10th Cir. 2007); *Kafo v. United States*, 467 F.3d 1063, 1069-71 (7th Cir. 2006)).

4

decided on direct appeal. (*See* 3:17-CV-1830-B-BH, doc. 10 at 7.)

On appeal, Movant argued "that, to obtain a conviction under § 1038, the Government was required to prove that the recipient of the hoax or threat had a contemporaneous belief that an imminent threat actually existed[, and that] the evidence was insufficient in his case to show that any of the intended recipients of his mailing, which contained a white powdery substance, actually believed that it contained an imminent threat." *See United States v. Murray*, 667 F. App'x 436, 437 (5th Cir. 2016) (per curiam). Finding that Movant arguably invited the asserted error by proposing the language used in the jury instructions regarding what an objectively reasonable person under the circumstances would have believed, the Fifth Circuit found that Movant failed to demonstrate plain error and affirmed the district court's judgment. *See id.* at 438.

In his third claim, Movant now argues that his conviction was obtained through an invalid jury instruction because the reasonable person jury instruction that was given permitted the jury to return a criminal conviction based on a negligent state of mind. (*See* 3:17-CV-1830-B-BH, doc. 1 at 6.) He notes that § 1038 does not mention a reasonable person or "specify the required mental state where a reasonable person would have felt threatened," and the verdict was not supported by the evidence. (*Id.* 6-7.) Because the Fifth Circuit has already rejected his claim regarding the jury instruction, it may therefore not be raised and considered in this § 2255 case. *See United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment or conviction are not considered in § 2255 Motions.").

## V. PROCEDURAL BAR

The Government asserts that Movant's first, second, and fourth claims are procedurally

5

barred because he failed to raise them on direct appeal. (*See* 3:17-CV-1830-B-BH, doc. 10 at 8.)

As noted, defendants may be procedurally barred from collaterally attacking claims that were not raised in a direct appeal. *Willis*, 273 F.3d at 595. To overcome the bar, they must show "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. Even then, any new assertion of error is limited to "issues of constitutional or jurisdictional magnitude." *Id.* The only exception is when a movant can establish a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime convicted. *Id.*

Movant contends that his "ineffective" appellate attorney refused to raise his first, second, and fourth claims on direct appeal. (*See* 3:17-CV-1830-B-BH, doc. 1 at 4, 5, 8.) A showing of ineffective assistance of counsel satisfies the cause and prejudice standard for overcoming the procedural bar. *See United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000); *see also United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994) ("Ineffective assistance of counsel satisfies the cause and prejudice standard."). The determination of whether Movant's claims are procedurally barred therefore rests on whether his appellate attorney was ineffective.

## VI. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of trial or appellate counsel, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires

a finding that counsel's performance was constitutionally effective. *Id*. at 696.  The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland,* 466 U.S. at 689.  "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id*. at 691.  To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair).  Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*, and the movant must show a reasonable probability that he would have prevailed on his appeal but for counsel's deficient representation.  *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).  To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).  "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v.*

7

*Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462–63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

**A.     Expiration of Limitations Period**

In his first claim, Movant argues that the five-year statute of limitations applicable to 18 U.S.C. § 1038, the crime of which he was convicted, had expired. (*See* 3:17-CV-1830-B-BH, doc. 1 at 4.) He contends that the offense was in 2008, and that under 18 U.S.C. § 3282, the limitations period began at that time, but he was not arrested until 2014. (*See id.*, doc. 1 at 4.)

Movant was convicted of violating 18 U.S.C. § 1038(a)(1). (*See* docs. 1, 39.) Title 18, United States Code, Section 3282 provides that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years after such offense shall have been committed." 18 U.S.C. § 3282(a).

Here, Movant's offense was alleged to have been committed in August 2008, and he was indicted in October 2011. (*See* doc. 1.) Because the limitations period runs from the date of the offense until the date the defendant is charged, rather than the date of arrest, his limitations argument lacks merit.

**B.     Enhancement**

In his second claim, Movant asserts that the prosecutor erred in applying a four-level

8

enhancement for "mailings" that he was not convicted of as relevant conduct. (*See* 3:17-CV-1830-B-BH, doc. 1 at 5.) He contends that "hoaxes & threatening communications are excluded from groupings under USSG 3D1.2(d), and that USSG 2A6.1 states that groupings are inappropriate" for this type of offense. (*Id.*) In support of this argument, Movant appears to refer to the prior criminal conduct reflected in paragraph 37 of the PSR as "relevant conduct." (*Id.*)

Section 3D1.2 of the United States Sentencing Guidelines (U.S.S.G.) provides that counts involving the same harm shall be grouped together into a single group under certain circumstances. Section 2A6.1 sets out the base offense level for the offense of which Movant was convicted. The PSR cited U.S.S.G. § 2A6.1 as the applicable guideline, which provides for a base offense level of 12; it calculated a guideline imprisonment range of 10-16 months based on a criminal history category of I. (*See* doc. 47-1 at 6, ¶ 24.) No guideline-based enhancements or relevant conduct were included in Movant's PSR, and because there was only one count charged in the indictment, no offenses were grouped. Instead, the Court varied upward to a sentencing range of 30-37 months based on the Government's argument that the range of punishment did not adequately address Movant's conduct. (*See* docs. 50; 59 at 17-18.) Movant's argument is therefore unsupported by the record and lacks merit.

Even liberally construing Movant's argument as alleging that his appellate attorney was ineffective for failing to appeal the upward departure, he must show a reasonable probability that he would have prevailed on his appeal but for counsel's deficient representation. *Briseno*, 274 F.3d at 207. As noted, paragraph 37 recounted two prior instances of using the United States mail to harass a police officer who had previously arrested him, as well as his consent to the protective order that was ultimately issued in favor of the officer, and this conduct was the basis for the government's

9

motion. He has not shown that his issue was "sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

**C.     Misrepresentation of Lab Results**

Finally, in his fourth claim, Movant asserts that his conviction was achieved through the misrepresentation of DNA lab results that were "insufficient" and "inconclusive." (*See* 3:17-CV-1830-B-BH, doc. 1 at 8.) He also claims that both the F.B.I. and the prosecutor committed perjury when they said that the evidence in the case was a match to Movant. (*See id.*, doc. 1 at 8.)

Movant has not brought forward any evidence supporting his conclusory claim that perjured testimony was provided at trial regarding the DNA evidence. The record reflects that extensive testimony about the collection and testing of the physical evidence in this case was presented, and it specifically included information about evidence found to be a conclusive match as well as evidence found to be an inconclusive match to Movant. (*See* doc. 60 at 221-259.) Movant's " mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir.1989)). He has likewise not shown that this issue was "sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

Movant has failed to show that his appellate counsel provided ineffective assistance by failing to raise his first, second, and fourth claims on direct appeal. He has therefore failed to show cause and prejudice to overcome his procedural default, and these claims are procedurally barred.

## VI. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A movant is entitled

10

to an evidentiary hearing on his § 2255 motion only if he presents "independent indicia of the likely merit of [his] allegations." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n.2 (5th Cir. 1983); *accord United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue"); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He has also failed to come forward with independent indicia in support of the likely merit of his claims. *See Reed*, 719 F.3d at 393. Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

### VII. RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED this 15th day of April, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE